ORIGINAL

FILED
SUPERIOR COURT
OF GUAM

2019 DEC 12 PM 4: 28

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **CRIMINAL CASE NO: CF0494-19** |
| vs. | |
| **CARMELO ANTHONY QUINTANILLA MENDIOLA, JR.,** DOB: 04/05/1988 | **DECISION AND ORDER** Defendant's Motion and Application for Bail Redetermination for Release |
| **DEFENDANT.** | |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on December 11, 2019, upon **CARMELO ANTHONY QUINTANILLA MENDIOLA, JR.**'s ("Defendant") Motion and Application for Bail Redetermination for Release. Defendant is represented by Public Defender Stephen Hattori. Assistant Attorney Generals Courtney Scalice and Dannis Le appeared on behalf of the People of Guam (the "People"). Upon review of the pleadings, oral arguments and legal authorities presented by the Parties, the Court hereby **DENIES** Defendant's Motion, which was earlier denied in open court and on the record.

## BACKGROUND

On September 7, 2019, Defendant appeared before the Magistrate Judge, the Honorable Benjamin C. Sison, Jr., for Two Counts of **SECOND DEGREE CRIMINAL SEXUAL CONDUCT (As a First Degree Felony)**. As to the *First Count*, it is alleged that on or about the period between January 1, 2019, and June 30, 2019, Defendant committed an offense of *Second*

*Degree Criminal Sexual Conduct (As a First Degree Felony)*, in that he did intentionally engage in sexual contact with another, to wit: by touching the buttock of *H.G. (DOB: 07/06/2004)* (the "Victim"), who is a member of the same household and a minor under fourteen (14) years of age. As to the *Second Count*, it is alleged that on or about the period between July 1, 2019, and July 31, 2019, Defendant committed a second offense of *Second Degree Criminal Sexual Conduct (As a First Degree Felony)*, in that he did intentionally engage in sexual contact with another, to wit: by touching the breast of the Victim, who is a member of the same household and a minor under fourteen (14) years of age.

Upon Defendant's Magistrate's Hearing on September 7, 2019, probable cause was found for both felony offenses. Thus, Magistrate Judge Sison issued an Order on November 4, 2019, which denied Defendant's release on recognizance and held him on $10,000.00 cash bail. On September 16, 2019, a Superior Court of Guam Grand Jury indicted Defendant on two felony offenses. Seeking release, Defendant filed his Motion for Bail Redetermination for Release to Third-Party Custodians ("TPC" or collectively "TPCs") on October 3, 2019. The People filed their Opposition on November 25, 2019. On December 11, 2019, oral arguments were heard and ruled upon in open court. Nonetheless, the Court took the matter under advisement, and now issues this Decision and Order confirming the denial.

## DISCUSSION

Under Guam law, there is a presumption that ". . . every person charged with an offense shall be ordered released pending trial in the manner and subject to the conditions provided by [law]." 8 Guam Code Annotated ("GCA") § 40.15(a). In all instances, the "[Court] shall order the person charged to be released on recognizance, unless the [Court] determines, in [its] discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 GCA § 40.15(b). In determining whether Defendant is a substantial risk for nonappearance or a danger to the safety of others or the community, the Court considers the following relevant factors:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;
(2) the history and characteristics of the person charged, including:
(a) length of [his] residence on Guam;

CF0494-19  People of Guam v. Carmelo Anthony Quintanilla Mendiola, Jr.
DECISION AND ORDER (Motion and Application for Bail Redetermination for Release)

(b) [his] employment status and history, and financial condition;

(c) [his] family ties and relationships; . . .

(e) [his] prior criminal record . . . including any record of prior release on recognizance or on bail; . . .

(g) the identity of the reasonable members of the community who will vouch for [his] reliability . . .

(3) the nature and seriousness of the danger the person would pose to the community or to any individual thereof if released . . .[.]

8 GCA § 40.15. In consideration of these factors, the Court must impose the lease onerous condition reasonably likely to assure Defendant's appearance and the safety of others or the community. 8 GCA § 40.20. Upon review of the information available, the Court finds that confinement is the least onerous condition imposable as release cannot assure Defendant's appearance or the safety of the community.

### (1) Nature of Offense, Probability of Conviction and Likely Sentence

In this matter, Defendant is charged with two counts of the offense of *Second Degree Criminal Sexual Conduct (As a First Degree Felony)* against a minor victim. Similarly, in CF0562-11, Defendant pled guilty to the offense of *Assault with Intent to Commit Criminal Sexual Conduct (As a Third Degree Felony)* – also against a minor.[1] Both matters against Defendant carry offenses serious in nature, that is, felony offenses against vulnerable victims, *i.e.* minors. In CF0562-11, Defendant was convicted of sexual assault against a minor. This is a cause for concern as not only was Defendant's offense one of violence; it was also an offense against a vulnerable victim of the community. The Court is disconcerted, in that if Defendant were released, he may continue to inflict violence upon the community – in particular, sexual violence against vulnerable victims.

Defendant's charges are First Degree Felonies: the highest classification of criminal offenses on Guam. Alone, a First Degree Felony carries a sentence of five (5) to twenty (20) years of imprisonment. 9 GCA § 80.30(a). For multiple offenses, sentences may run either concurrently or consecutively. 9 GCA § 80.10(b). Should Defendant be convicted of both counts, he faces a maximum sentence of forty (40) years of imprisonment. Defendant was previously imprisoned, placed on parole and required to register as a Level 3 Sex Offender in consequence of CF0562-11.

---

[1] The victim in CF0562-11 is a minor that is thirteen (13) years of age.

Considering Defendant's prior offenses and its similarities here, there is a high-likelihood of conviction – as stated in Magistrate Judge Sison's Order and further re-iterated by this Court. The violent offenses, likelihood of conviction and possible lengthy incarceration are all powerful motivators to abscond justice; thus, these factors weigh against Defendant's release.

(2) **History and Characteristics of Defendant**

Defendant contends he is not a substantial flight risk. He supports this conclusion with facts such as, his lifelong residence on Guam, his strong familial ties to Guam, and his current employment on Guam. A notable familial tie is Defendant's mother, Anna Marie Cruz ("Cruz"), who is also his point-of-contact. Defendant expresses he does not have the means to pay $10,000.00 cash bail. Instead, he proposes two willing TPCs for release: Defendant's friends Titima Y. Carter and Robert Paul Korientz, II. Defendant avers both individuals have been interviewed by Probation, yet fails to elaborate on the findings. Beyond these statements, he provides no further analysis to support his release.

First, bail amounts are not determined by a defendant's ability to pay; it is determined by the reasonable calculation that would assure his presence. *See People v. Bruneman, 1996 Guam 3 at ¶ 9 (holding $1,000,000.00 was appropriate bail since the accused was a substantial flight risk).* Although Defendant cannot afford the $10,000.00 cash bail, this fact is inconsequential, all things considered. For instance, the People raise critical issues of community safety. Defendant's point-of-contact, Anna Marie Cruz, is not only his mother, but also the Victim's former guardian. Despite Cruz's knowledge of her son's sex offender status and sexual assault convictions against a minor, she made the decision to send the Victim to cohabit with Defendant. Moreover, Defendant's proposed TPCs were deemed unqualified due to firearms and inadequate supervision due to full-time employment. All individuals vouching for Defendant's release have expressed unsuitable judgment in ensuring community safety and Defendant's reliability. Thus, the Court finds these factors strongly weigh against Defendant's release.

(3) **Nature and Seriousness of Community Endangerment**

Defendant fails to support the conclusion that he is not a danger to the community. Defendant evades several critical issues concerning community safety, but finds it notable to

ORIGINAL

declare he does not own firearms. Be that as it may, it bears no weight against his prior conviction of a violent offense, to wit: *Assault with Intent to Commit Criminal Sexual Conduct (As a Third Degree Felony)*. One needs not own a firearm to commit a violent crime.

Defendant is a Level 3 Registered Sex Offender. In spite of this intended deterrence, his imprisonment and subsequent parole, Defendant managed new criminal sexual conduct charges, which can be taken as an indicator of failed rehabilitation. This is especially alarming as the current charges still involve minor victims – vulnerable members of the community. Should Defendant be released to his TPCs, his residence – which was found eligible for electronic monitoring – is in close proximity to similarly targeted victims. Thus, Defendant would be residing within 200 feet of a school bus-stop and an adjacent apartment complex with children. Even with TPCs, Defendant continues to endanger the Victim and other minors in the community because his TPCs cannot properly supervise him. Therefore, the nature and seriousness of the endangerment Defendant poses weigh against Defendant's release.

In light of the facts and circumstances above, the Court is not reasonably assured of Defendant's appearance or the safety of the community. The violent offense, likelihood of conviction, prospective sentence and inadequate supervision do not overcome the presumption of release. Therefore, the Court finds Defendant's continued confinement is the least onerous condition.

## CONCLUSION

By preponderance of the evidence and based on the foregoing conclusions, the Court hereby **DENIES** Defendant's Motion and Application for Bail Redetermination for Release.

**SO ORDERED**, this _____ 12 _____ day of December 2019.

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

AG i PDSC

Date: 12/12/19 Time: 4:30

Deputy Clerk, Superior Court of Guam

The Honorable Anita A. Sukola
Judge, Superior Court of Guam